O’Neall J.
delivered the opinion of the Court.
To make the rule absolute it was contended. First, that the contract, as proved by Robinson, between himself and Floyd, made the money in the hands of the sheriff liable to the plaintiff’s execution. Secondly, that the attachment served on Mr. Colcock, created no lien on the money in the hands of the sheriff. Thirdly, that the proceedings in attachment were out of Court, from their irregularity. The presiding Judge below made the rule absolute on the first ground; but as all the grounds have been presented again to this Court, to sustain his decision, it is necessary that they should be considered.
First. The contract between Robinson and Floyd, was one entirely between themselves. The plaintiff had neither an express or implied privity to it: for there was no consideration moving from him to Robinson, on which a promise to him, or in his favour, could be raised. To constitute a contract, it is necessary that both parties should assent, so as to be bound by it. The plaintiff in the execution was under no obligation whatever, to accept the contract between Robinson and Floyd, in satisfaction ©f his judgment. If Robinson chose not to perform the contracts *212 Floyd could alone have sued for the breach. It may well be doubted, whether the contract was not one contrary to the terms and legal effect of the note, and which could not, therefore, be allowed to vary it. But if it was competent to be shewn at all, it could only, when performed, be a competent defence against the note. Failing to perform it, Robinson became liable on the note, and according to its terms, this liability belonged exclusively to the payee. It is true, that the land bought by Robinson, may be liable to satisfy the judgment, and that the effect of this may be to subject him to the payment of it in addition to the purchase money, which he contracted to pay. But this, if available in any shape in a Court of law, could only have been set up as a defence against the recovery of the note. It cannot be interposed between an attaching and an execution creditor, under a rule, as a ground upon which the Court is to be authorized to give a different direction to money in the hands of the sheriff, from what it would otherwise legally receive.
The contract, however, was not even legally proved. Robinson was directly and immediately interested in the event of the issue made under the rule. It was indeed more a proceeding for his protection, tkan for the benefit of the plaintiff. If the rule was made absolute, his land was thereby discharged from the lien of the judgment. If it was not, it remained liable to be sold in satisfaction of it. This was a certain and direct interest in the event, and rendered him an incompetent witness.
Secondly. The first section of the attachment act, P. L. 187, directs that writs of attachment shall be directed “ to the provost marshal of the province aforesaid, requiring and commanding him immediately to attach the monies, goods, chattels, debts, and books of accompt, belonging to the absent debtor, in the hands of any person or persons whatsoever; and the attaching of any part thereof, in the name of the whole, that is in such person’s hands, poioer, or possession, shall secure and malee the whole liable in law, to answer any judgment that shall hereafter he recovered and awarded upon that process.” And the same section requires, that the person in possession shall be served with a copy of the writ of attachment, requiring him at the return thereof, to make return on oath, what monies, goods, chattels, or books of accompt, are in his hands, power or possession, belonging to the absent debtor; and- if he fails to do so he is *213 declared liable to judgment and execution for the debt. The third section directs that on the plaintiffs filing his declaration, the monies, goods, chattels, debts, and books of accompt, attached, shall be paid and delivered to him, on his entering into a recognizance in double the value thereof. The fourth section authorizes the plaintiff in attachment to sue for, and recover, the bonds, notes, or books of accompt, delivered as aforesaid, and to give sufficient acquittances and receipts, in discharge of the same.
In the construction of this act it has been decided, that the sheriff in executing the writ of attachment, has no right to dispossess the person in possession, but must serve him with a copy of the writ. Schepler v. Garriscan and Carpioin, 2 Bay, 224. The effect of service so made, is a levy in law, on the whole of the moneys, goods, chattels, debts, and books of account, belonging to the absent debtor in the hands, power, or possession of the person so served. This creates a lien from the day of the service, and they become liable in law to answer any judgment which may be afterwards recovered on the attachment. Stephen v. Thayer, 2 Bay, 272. Ohors v. Hill, 3 M’C. 338. The lien, thus created, cannot be altered, or destroyed, by the collection of the money due on any of the choses in action attached. The act contemplates the collection of them in the name of the absent debtor for the use of the attaching creditor. The effect of the attachment is to set apart the choses in action, or property attached, for the satisfaction of the judgment afterwards to be recovered; and the collection of the money, due on the choses in action, must follow the direction which the law has assigned to them. It belongs, of course, to the owner of the debt, in discharge of which it is paid. The act may be regarded as constituting the levy a legal assignment of the absent debtor’s choses in action to the plaintiff in attachment. This assignment may be effected in one of two ways: first, under the third section by an actual delivery of them to the plaintiff; or, secondly, where the party in possession is intitled to retain the chose for some qualified purpose, such as for collection by an attorney, by ordering the amount, when collected, to be paid over to the judgment, to be recovered in attachment. Each of these necessarily look back to the levy, as the commencement of the plaintiff’s right. And no intervening incumbrance or alienation can *214 prevent his right to claim them as liable in law to answer the judgment. The attorney of the,absent debtor had the right to retain the note, and to proceed to obtain judgment on it; and bn his return being made, the Court could condemn the debt as the property of the absent debtor, and direct the money collected under the fi. fa. to be paid to the attaching creditor, on the execution of a recognizance according to the act.
Thirdly. It has been often decided, that neither the garnishee, •a creditor of the absent debtor, nor any person other than the debtor himself, can question the regularity of the proceedings in attachment. Kincaid v. Neal. 3 M’C. 201. Camberford v. Hall, Ib. 345. But if the plaintiff here could make the objection, the irregularity complained of could not avail him any thing. The only irregularity pointed out, is, that the declaration was not filed within two months, although it was filed in less than a year and a day from the return of the writ. The Court has the power at any time, within a year and a day from the return of the writ in attachment, to permit the declaration to be filed. Stephen v. Thayer, 2 Bay, 272. Kennedy v. Smith, Ib. 414. This power may be exercised as well after, as before the expiration of the two months from the return of the writ, allowed by the attachment act for the filing of the declaration. On none of the grounds taken was the plaintiff in execution intitled to have the rule made absolute; and the motion to reverse the decision of the Circuit Judge is therefore granted.